IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TIMOTHY HAWKINS                                                              PLAINTIFF

      v.                            Civil No. 4:08-cv-04096

CLAUD WELLS, Bailsman;
and CONNIE MICHELLE, Attorney                                    DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The Plaintiff, Timothy Hawkins, is incarcerated at the Miller County Correctional Facility. He filed this action under the provisions of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The Plaintiff submitted an application to proceed *in forma pauperis* (IFP) (Doc. 1). However, he failed to have the prison account portion of the application completed by authorized personnel at the Miller County Correctional Facility. Without this information, the IFP application is not complete. By order entered on November 20, 2008 (Doc. 9), Plaintiff was given until December 10, 2008, to complete, sign, and return an IFP application including having the prison account portion of the application completed by detention center personnel.

On December 1, 2008, the Plaintiff submitted a second IFP application (Doc. 10). The second application did not have the prison account portion of it completed. Instead, the Plaintiff submitted with the application the following notice: "I have loss my privelages of finance freedom . . . insuitable of bankupt currency (broker). I am unable to buy a case under hostiled/captivied as for as family . . . I'm lift in dept behind this out-rage. I want to continue these illegal content in any way wealth / or health."

A second order was entered on December 23, 2008 (Doc. 11), giving the Plaintiff until January 9, 2009, to submit a completed IFP application or pay the $350 filing fee. The Plaintiff was advised that his complaint was subject to dismissal if he did not submit a completed IFP application or pay the filing fee. The Plaintiff has not responded to this order.

Under the terms of the Prison Litigation Reform Act, prisoners may be granted IFP status but they are required to pay the filing fee in installments when funds are available in their prison account. Depending on the balance in the account, a partial initial fee may be assessed and then fees are assessed and collected as funds exist. The statute, 28 U.S.C. § 1915, sets out the method of assessment and collection. The statute also requires the prisoner to submit with his affidavit seeking leave to proceed IFP a certified copy of his trust account statement or institutional equivalent for the six month period immediately preceding the filing of the complaint. Without this certified statement, the IFP application is not complete.

In this case, the Plaintiff has not submitted a completed IFP application or paid the filing fee. Plaintiff has not complied with the orders of the court. I therefore recommend that this case be dismissed.

**Mr. Hawkins has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Mr. Hawkins is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of February 2009.

/s/ Barry A. Bryant
BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE